**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GEORGE R. BANKER,

       *Plaintiff*,

    v.

DANIEL P. DRISCOLL, SECRETARY,
DEPARTMENT OF THE ARMY,[1]

       *Defendant*.

No. 22-cv-1445 (DLF)

<u>**MEMORANDUM OPINION AND ORDER**</u>

George Banker brought this discrimination action against the Secretary of the Army (Secretary) under Title VII of the Civil Rights Act (Title VII), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 US.C. § 621 *et seq.* Am. Compl., Dkt. 28. The Court granted the Secretary's motion for judgment on the pleadings, dismissed Banker's action, and closed the case. *See* Mem. Op. & Order 8, Dkt. 43. Before the Court is Banker's Motion to Alter or Amend Judgment, Dkt. 44, and Banker's Motion for Leave to File a Second Amended Complaint, Dkt. 45. For the reasons that follow, the Court will deny the motions.

I.     **BACKGROUND**

The factual background of this case appears in the Court's August 1, 2025 Memorandum Opinion and Order and is recounted only as necessary to decide the pending motions. *See* Mem. Op. & Order 1–3. In that Order, the Court granted the Secretary's Motion for Judgment on the Pleadings, Dkt. 38, after finding that Banker had conceded his failure to exhaust timely his

---

[1] Consistent with Federal Rule of Civil Procedure 25(d), the current Secretary of the Army's name has been substituted.

discrimination claims as to the Deputy Race Director position and had not "asserted any facts to support that [his supervisor's] favoritism was the product of race or age discrimination" as to the Race Director position for which he was denied an interview.  Mem. Op. & Order 7.

On August 21, 2025, Banker moved to alter or amend the Court's judgment under Rule 59(e), Dkt. 44, and for leave to file a second amended complaint under Rule 15, Dkt. 45.

## II.   LEGAL STANDARDS

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (citation modified).  A movant cannot use a Rule 59(e) motion to raise new issues, theories, or arguments that could have been presented before the Court issued its decision.  *Banister v. Davis*, 590 U.S. 504, 508 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued."); *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004).  Instead, such a motion will be granted "[o]nly if the moving party presents new facts or a clear error of law which compel a change in the court's ruling."  *New York v. United States*, 880 F. Supp. 37, 39 (D.D.C. 1995) (citation modified).

Under Rule 15(a)(2), after the period for amendment as a matter of course has run, "[a] party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  But "[o]rdinarily postjudgment amendment of a complaint under Rule 15(a) requires reopening of the judgment pursuant to Rule 59(e) or 60(b)."  *Bldg. Indus. Ass'n of Superior Cal. v. Norton*, 247

F.3d 1241, 1245 (D.C. Cir. 2001).  Otherwise, losing parties could "resurrect[] claims on which they have lost" by amending their complaint after judgment.  *Id.*; *accord* 6 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1489 (3d ed. 2008) ("[T]he drafters of the rules included Rules 59(e) and 60(b) specifically to provide a mechanism for those situations in which relief must be obtained after judgment and the broad amendment policy of Rule 15(a) should not be construed in a manner that would render those provisions meaningless."); *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025) ("Relief under Rule 60(b)(6) requires extraordinary circumstances.  That standard does not become less demanding when a Rule 60(b)(6) movant also hopes to amend his complaint.  Rather, a party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply.")

## III.   ANALYSIS

### A.   Rule 59(e)

Alteration or amendment of the Court's judgment under Rule 59(e) is not warranted here. Banker argues that the Court erred in finding that his complaint failed to plausibly allege discriminatory pretext.  *See* Pl.'s Mem. ISO Alter Mot. 3–7, Dkt. 44-4.  He also argues that he will experience manifest injustice because Title VII's and the ADEA's statutes of limitations will bar his claims.  *Id.* 7–10.  Both his bases for seeking the "extraordinary remedy" of an amended judgment fail.  *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015) (citation modified).

First, the Court did not clearly err in finding that Banker's amended complaint failed to allege discriminatory pretext.  "In assessing clear error in the Rule 59(e) context, courts have required a very exacting standard, such that the final judgment must be dead wrong to constitute

3

clear error." *Camire v. ALCOA USA Corp.*, No. 24-cv-1062, 2026 WL 508003, at *2 (D.D.C. Feb. 24, 2026) (citation modified).  Here, Banker contends that "the totality of the allegations . . . show that a reasonable jury could find that [the Secretary's] proffered nondiscriminatory reason for excluding [him] from interviewing for the Race Director position was pretextual and that discrimination based on race and age was the real reason."  Pl.'s Mem. ISO Alter Mot. 6.  He thus insists that "it was clear error for the Court to conclude that [the Secretary] is entitled to judgment as a matter of law on [his] discrimination claims as to the Race Director position."  *Id.*

Banker fails to show that the Court was "dead wrong" to dismiss his claims.  *Camire*, 2026 WL 508003, at *2.  To prove the Court's ostensible error, Banker repeats his previously made arguments: (1) that the hiring official influenced the selection process to favor the successful applicant; (2) that Banker's superior qualifications to those of the successful applicant suggest discrimination; and (3) that the hiring official's shifting reasons for Banker's exclusion from the "Best Qualified" list suggests discrimination.  *See* Pl.'s Mem. ISO Alter Mot. 3–6; *see also* Pl.'s Opp'n Mot. J. Pleadings 11–16, Dkt. 40 (making the same arguments).  The Court has already explained why these arguments fail: not one of the alleged pretextual justifications raised an inference of unlawful race- or age-based discrimination.  Mem. Op. & Order 5–7.  At best, Banker alleged facts to support an inference of the hiring official's personal bias toward the successful candidate.  But nothing in the pleadings suggested that this alleged bias related to race- or age-discrimination rather than some other motivation.  *See id.* at 7.

Although Banker might disagree with the Court's decision that his earlier theories failed, a "Rule 59(e) motion that repeats unsuccessful arguments, or is made based on mere disagreement with the [C]ourt's judgment, will not survive scrutiny."  *Greer v. Bd. of Trs. of Univ. of D.C.*, No. 24-cv-710, 2025 WL 1186260, at *1 (D.D.C. Apr. 4, 2025) (citation modified); *see also Messina*

*v. Krakower*, 439 F.3d 755, 759 (D.C. Cir. 2006) (affirming the district court's refusal to vacate its judgment because the plaintiff's Rule 59(e) motion "rel[ied] on the same arguments that she originally made" and "cited no intervening change of law, did not present any new evidence that was not previously available, and failed to establish an error of law or fact in the court's original opinion" (citation modified)).  Thus, Banker has failed to show that the Court clearly erred.

Second, denying Banker's motion will not cause manifest injustice.  Manifest injustice is an "exceptionally narrow concept" that "must entail more than just a clear and certain prejudice to the moving party." *Slate v. Am. Broad. Co.*, 12 F. Supp. 3d 30, 35–36 (D.D.C. 2013).  To constitute manifest injustice, a "clear and certain prejudice" must at least be "fundamentally unfair in light of governing law." *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 78 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015).

Banker contends that, because his "Title VII and ADEA claims are now beyond the statute of limitations," "the dismissal operates as one with prejudice, permanently barring [him] from pursuing his discrimination claims."  Pl.'s Mem. ISO Alter Mot. 7.  While statutes of limitations are relevant to deciding a Rule 59(e) motion, *see Ciralsky v. CIA*, 355 F.3d 661, 673–75 (D.C. Cir. 2004) (remanding for the district court "to reconsider its Rule 59(e) denial" because an applicable statute of limitations would bar the plaintiff's refiling of claims dismissed under Rule 8), the D.C. Circuit has affirmed a district court's determination that the running of a "statute of limitations alone did not justify . . . extraordinary relief . . . [under Rule 59(e)], especially considering that [the plaintiff] was represented by counsel," *Morrisey v. Mayorkas*, 17 F.4th 1150, 1164 (D.C. Cir. 2021) (citation modified).  Here, the Court granted the defendant's motion under Rule 12(c), which requires that the movant "show both that there is no material dispute of fact (as reflected in the parties' pleadings) and that the law is such that the movant is entitled to judgment as a matter of

5

law." *Murphy v. Dep't of the Air Force*, 326 F.R.D. 47, 49 (D.D.C. 2018) (citation modified and emphases omitted). The Court's decision was thus on the merits of Banker's claims. Accordingly, the Court is unpersuaded that its dismissal constitutes manifest injustice, even if the plaintiff's claims are now time-barred. Mem. Op. & Order 8.[2] Any "injustice" that might follow is limited by Banker's ability to appeal the Court's Order dismissing his claims and closing the case. *See* Fed. R. App. P. 4(a)(4)(A)–(iv) ("[T]he time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion . . . to alter or amend the judgment under Rule 59."); *Banister*, 590 U.S. at 508 ("The filing of a Rule 59(e) motion within the 28-day period suspends the finality of the original judgment for purposes of an appeal." (citation modified)).

Furthermore, Banker declined to seek leave to file his Proposed Second Amended Complaint sooner. He could have filed a motion for leave to amend before the Court's issued its Order. Banker argues that he waited until after the Court's Order because discovery had not been completed. Pl.'s Mem. ISO Alter Mot. 7. But Banker had almost six months between the close of discovery on February 10, 2025, and the Court's August 1, 2025 decision to seek leave to file a second amended complaint. Moreover, the facts that Banker seeks to include in his Proposed Second Amended Complaint, *see* Proposed Second Am. Compl., Dkt. 45-3, were known to Banker well before the Secretary filed its January 15, 2025 Motion for Judgment on the Pleadings, *see* Pl.'s Mem. ISO Alter Mot. 8–9 (conceding that the "proposed changes are informed by discovery obtained during 2024" and citing a deposition from April 18, 2024).[3] Even so, Banker decided to

---

[2] The Court notes that, in opposing the Secretary's motion for judgment on the pleadings, Banker never raised any arguments as to the effect that granting the motion and dismissing his claims might have had on his ability to bring a new case in light of applicable statutes of limitations. *See generally* Pl.'s Opp'n to Mot. J. Pleadings. Nor did Banker request leave to file a second amended complaint in the event that the Court granted the Secretary's motion. *See generally id.*

[3] Although Banker argues about the timing of discovery, *see* Pl.'s Mem. ISO Alter Mot. 7, he does not appear to argue that his Rule 59(e) motion should be granted based on "the availability of new

hold his Proposed Second Amended Complaint until after the Court ruled on the Secretary's Motion for Judgment on the pleadings. "No manifest injustice exists . . . where a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Morrissey*, 17 F.4th, 1160–61 (citation modified); *see Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (same).

Because Banker has not presented new evidence, demonstrated clear error, or shown manifest injustice, he has failed to clear the high bar for relief under Rule 59(e). Accordingly, the Court will deny Banker's Motion to Alter or Amend Judgment.

**B.      Rule 15(a)(2)**

Finally, Banker's Motion for Leave to File a Second Amended Complaint is moot. "[O]nce a final judgment has been entered, a court cannot permit an amendment unless the plaintiff first satisfies Rule 59(e)'s more stringent standard for setting aside that judgment." *Ciralsky*, 355 F.3d at 673. "Therefore, if a motion to amend a complaint is not filed until after a final judgment, that motion becomes moot if the Court denies the accompanying Rule 59(e) motion." *Mohammadi*, 947 F. Supp. 2d at 78; *see Odhiambo v. Republic of Kenya*, 947 F. Supp. 2d 30, 40 (D.D.C. 2013) (same). Because the Court will deny Banker's Rule 59(e) motion, it will further dismiss as moot his Motion for Leave to File a Second Amended Complaint.

---

evidence," *Firestone*, 76 F.3d at 1208. To the extent that Banker intended to advance such an argument, it would fail. "It is well-established that Rule 59(e) motions may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 421 (D.D.C. 2005) (citation modified). The discovery cited in Banker's motion is from a declaration conducted on April 18, 2024—more than nine months before the Secretary's motion for judgment on the pleadings and fifteen months before the Court's entry of judgment on that motion.

**CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that the plaintiff's Motion to Alter or Amend Judgment, Dkt. 44, is **DENIED**.

It is further

**ORDERED** that the plaintiff's Motion for Leave to File a Second Amended Complaint,

Dkt. 45, is **DISMISSED AS MOOT**.

**SO ORDERED**.


_____
DABNEY L. FRIEDRICH
United States District Judge

March 30, 2026

8